[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The state appeals, under Crim.R. 12(J), the trial court's decision to suppress evidence obtained as a result of police officers' allegedly unconstitutional detention of appellee Heather Creech. Cincinnati police officers Totten and Texter stopped Creech following a police broadcast based on Officer Shari's description. Shari reported that a white female with blonde hair had exited from a building he had under surveillance and had driven away in a red Ford automobile. The woman was a suspect with whom he was familiar and who was wanted for a felony.
Totter and Texter stopped Creech's red Ford Probe within minutes of the broadcast to determine if she was Shari's suspect. Texter asked her for identification. Creech handed the officer a military identification card, and stated that she did not have her license on her. When she received the identification card, Texter "made a query" to determine whether Creech had any outstanding warrants and whether she had a driver's license. Within seconds, Texter received information that Creech had a suspended license. According to Texter, "during the time" that Texter was making the query, Shari drove by and informed the officers that Creech was not his suspect.
The trial court determined that the initial stop of Creech's automobile was justified based on the description provided by Shari. Neither party contests the validity of the initial stop. The trial court also concluded that once Shari said that Creech was not the suspect, the purpose of the stop was complete and there was no further justification for detaining her. We disagree.
As we have explained,
At a suppression hearing, the credibility of the witnesses is an issue for the trier of fact. [Citations deleted.] Accepting the findings of the trier of fact as true, an appellate court must determine as a matter of law without deference to the trial court's conclusion, whether the trial court erred in applying the substantive law to the facts of the case. [Citations deleted.][1]
The court made the factual findings that Creech's appearance was not significantly different from the broadcast description, that she was driving a red Ford, and that, after the stop, she produced a military identification card, all of which did nothing to dispel the officers' suspicion. We agree and conclude that a legitimate reason for the stop still existed at the time Texter initiated the query based on the information contained on Creech's identification card.
When a vehicle is lawfully stopped, a police officer "may detain a motorist for a period of time sufficient to run a computer check on his license, registration, and vehicle plates and to issue him a warning and citation," all routine procedures.[2] The officers cannot, however, engage in manipulative practices beyond the scope and purpose of the initial stop and undertake a "fishing expedition" for evidence of a crime.[3] Thus, if the reason for the initial stop has been dispelled and "there has been no violation of the law, then the officer has no authority to demand the driver's license, registration papers, or to check the VIN [vehicle identification number]."[4]
In this case, the trial court determined, in essence, that the officers were required to ignore the information they had received within seconds of lawfully requesting it. Before Texter had any reason to believe that Creech was not the suspect, she initiated the query on the information contained in Creech's identification card. After the query process was initiated, but before the response was received, Shari told the officers that Creech was not the suspect. Within seconds of the justified initiation of the query, the officers learned of Creech's license suspension.
The reasonableness of a detention "depends upon the totality of the circumstances and the facts of each case."[5]
Under the facts of this case, where the officers' suspicions were dispelled almost contemporaneously with the information that Creech's license was suspended, we believe that the detention was reasonable. The purpose of the exclusionary rule is to "remove the incentive to violate the Fourth Amendment and thereby deter police from performing future unconstitutional searches and seizures."[6] In this case, as there was no constitutional violation, the exclusion of evidence would serve no purpose.
Therefore, we reverse the judgment that granted Creech's motion to suppress and remand this case to the trial court for further proceedings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter, and Winkler, JJ.
[1] State v. Warren (1998), 129 Ohio App.3d 598, 602,718 N.E.2d 936, 938-939.
[2] State v. Rusnak (1997), 120 Ohio App.3d 24, 27,696 N.E.2d 633, 636.
[3] Id. at 27-28, 696 N.E.2d at 636.
[4] State v. Venham (1994), 96 Ohio App.3d 649, 656, 645 N.E.2d 831,835, quoting State v. Krum (Sept. 1, 1993), Montgomery App. No. 13668, unreported.
[5] Id. at 28, 696 N.E.2d at 636.
[6] State v. Jones (2000), 88 Ohio St.3d 430, 434, 727 N.E.2d 886.